IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kris Kerr,                                       Case No. 3:07 CV 2990

           Petitioner,                        O R D E R

             -vs-                              JUDGE JACK ZOUHARY

Clifford Smith,

           Respondent.

Petitioner is a state prison inmate proceeding *pro se* with a Petition for a Writ of Habeas Corpus (Doc. No. 1) under 28 U.S.C. § 2254. On January 12, 2009, this Court dismissed the Petition and entered judgment (Doc. Nos. 17-18). Petitioner has filed a Motion for Reconsideration (Doc. No. 19) pursuant to Federal Civil Rule 60(b).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Court is required to dismiss claims in a second or successive habeas application when the claims were also presented in a prior application. 28 U.S.C. § 2244(b). Federal Civil Rule 60(b) must be read in conjunction with AEDPA and applies only to the extent that it is not inconsistent with AEDPA. *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ;
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner advances none of the reasons listed by Rule 60(b) as support for his Motion. Rather, he asks this Court to revisit its previous ruling, arguing the same issues presented in his original application: illegal search and seizure and ineffective assistance of counsel. A motion to reconsider is not a vehicle permitting the unsuccessful party to rehash arguments previously presented. *Gonzalez*, 545 U.S. at 532 (Rule 60(b) motion to be construed as successive habeas petition where motion attacks the same court's previous resolution of a claim on the merits).

In his Motion, Petitioner also claims "Respondent forfeited any right to respond to Petitioner's Writ because [Respondent failed] to timely file for an extension according to FED. CIV. R. 6(b) section 1(A)" (Doc. No. 19, p. 1). The Court feels compelled to respond to this argument and simply notes Respondent's Return of Writ was not late. The Court issued its Show Cause Order on December 4, 2007, and Respondent had sixty days from that date to file an answer (Doc. No. 4). On January 31, 2008, Respondent requested an extension until April 4, 2008 to file its answer (Doc. No. 8), which the Court granted (Doc. No. 9). Thus, Respondent's brief was due April 4, 2008, and Respondent timely filed its Return of Writ on April 3, 2008 (Doc. No. 11).

For the foregoing reasons, Petitioner's Motion for Reconsideration is denied.

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

                                                February 19, 2009